IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | | |
|---|---|---|
| BARRIE GNAGY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| U.S. HONGFA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff, Barrie Gnagy, by and through counsel Brendan P. Lykins and Richard W. James of DeVaughn James Injury Lawyers, for Plaintiff's claims against Defendant, U.S. Hongfa Inc., alleges and states:

### A.      PARTIES

1.      Plaintiff, Barrie Gnagy is a Kansas resident and citizen that resides at 6644 SW 53rd Street, Tecumseh, KS 66542.

2.      Defendant, U.S. Hongfa Inc., is domestic stock entity, incorporated in the State of California with its principal place of business in the State of California. It may be served through its registered agent, Hong Liu at 5010 Heintz Street, Baldwin Park, CA 91706.

### B.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over the persons and subject matter.

4.      Venue is proper in the Kansas City, Kansas division of the Kansas District Court of the Federal District Court.

5.      This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of

diversity of citizenship.  The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

### C.    NATURE OF ACTION

6.    This is a personal injury action arising out of a motor vehicle collision between Plaintiff and Defendant's employee and/or agent driver that occurred on June 22, 2021 in Ford County, Kansas.

### D.    CAUSE OF ACTION – NEGLIGENCE

7.    At all times relevant herein, Hong Liu was an employee and/or agent (or contract driver) of Defendant, U.S. Hongfa Inc.  Defendant, U.S. Hongfa Inc. is liable for the negligence of its employee or agent under the legal doctrines of vicarious liability and respondeat *superior*.

8.    On June 22, 2021, Defendant U.S. Hongfa Inc.'s employee and/or agent, Hong Liu, was operating a 2015 Freightliner semi-tractor bearing California registration XP65545, in the course and scope of his employment, westbound on U-54 in Ford County, Kansas.

9.    At the same time, Plaintiff Barrie Gnagy was operating a 1997 Kenworth semi-tractor bearing Kansas registration 127723 westbound on U-54 and was physically in front or ahead of Defendant's semi-tractor prior to the collision.

10.    Plaintiff had just emptied his load at a grain elevator in Bloom, Kansas.

11.    Plaintiff was intending to turn south from U-54 onto 117 Road; which is a dirt road.

12.    The pertinent section of U-54 near 117 Road is a one-lane highway each direction with shoulders; but no turning lanes.

13.    Plaintiff used his turn signals to indicate his intent to make a left-hand turn onto

2

westbound 117 Road in Ford County, Kansas.

14.     As Plaintiff crossed the center lane to turn southbound on 117 Road, Defendant's
employee and/or agent decided to pass Plaintiff's vehicle in the left-hand lane.

15.     Defendant's employee and/or agent negligently side-swiped Plaintiff's vehicle.

16.     This incident and all of the resulting harms, losses, personal injuries and other
damages were a direct result of the negligence, omissions and fault of the
Defendant's employee and/or agent which includes, but is not limited to:

    a.      Inattentive operation of a motor vehicle;

    b.      Failure to keep a proper lookout;

    c.      Failure to use ordinary care;

    d.      Failure to give warning;

    e.      Failure to take evasive action; and

    f.      Careless driving.

17. No act or omission on the part of the Plaintiff caused or contributed to this collision or
any of the resulting personal injuries or other damages pursuant to K.S.A. 60-258a.

18. The negligence of Defendant U.S. Hongfa Inc.'s employee and/or agent driver directly
and proximately caused the motor vehicle collision that injured Plaintiff.

19. U.S. Hongfa Inc. is a motor carrier and operating under authority through the United
States Department of Transportation with an assigned D.O.T. number of 1707898.

20. Upon information and belief, the truck being operated by Hong Liu was owned,
maintained, dispatched, supervised, controlled and repaired by U.S. Hongfa Inc. and
was used as a commercial motor vehicle in both intrastate and interstate business
making it subject to the Federal Motor Carrier Safety Administration regulations under

49 C.F.R. Sections 381 et. seq.

21. 49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

22. 49 C.F.R. § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

23. U.S. Hongfa Inc. was at all material times a "motor carrier" and an "employer" of its driver Hong Liu in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

24. 49 C.F.R. § 392.2 provides that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

25. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

26. The FMSCRs are located at 49 C.F.R. § 390 et seq. The FMCSRs and the MCA specifically operate under the section 40 C.F.R. § 391.1(a) and (b), which states "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part also establish minimum duties of motor carriers with respect to the qualification of

drivers. (b) A motor carrier who employs himself/herself as a driver must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers." The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

27. As a result of Defendants' negligence, Plaintiff, Barrie Gnagy sustained serious bodily injuries and damages, medical expenses, lost wages and has incurred non-economic damages such as pain and suffering.  Furthermore, Plaintiff reasonably expects to incur future medical expenses, future lost wages and future non-economic damages such as pain and suffering in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: */s/ Brendan P. Lykins*
Brendan P. Lykins, #26098
Richard W. James, #19822
3241 N Toben
Wichita, KS 67226
Telephone: 316-977-9999
Facsimile: 316-425-0414
Email: blykins@devaughnjames.com
Email: rjames@devaughnjames.com
*Attorneys for Plaintiff*

5

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff and demands a pretrial conference and trial by a jury of twelve (12) persons in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiffs and designates Kansas City, Kansas as the place for trial of this matter.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: */s/ Brendan P. Lykins*
Brendan P. Lykins, #26098
Richard W. James, #19822
3241 N Toben
Wichita, KS 67226
Telephone: 316-977-9999
Facsimile: 316-425-0414
Email: blykins@devaughnjames.com
Email: rjames@devaughnjames.com
*Attorneys for Plaintiff*